I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 2-11-14

DEPUTY CLERK



"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

FEB 11 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO HERNANDEZ VILLA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>LINDA McGREW (Warden),<br><br>　　　　　Respondent. | Case No. CV 14-0745-ODW (RNB)<br><br>ORDER OF DISMISSAL |

　　　Petitioner is a federal prisoner, currently confined at the Federal Correctional Complex in Adelanto, California. His custodial status stems from a conviction sustained in the Western District of Texas, for which petitioner was sentenced on June 26, 2001 to serve a life term of imprisonment.

　　　On January 30, 2014, petitioner filed herein a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." According to petitioner, he is not purporting to vacate or set aside his conviction or correct his sentence. Rather, he is purporting to seek the correction of a "clerical error" in the underlying record pursuant to Fed. R. Crim. P. 36.

　　　"Federal courts are always 'under an independent obligation to examine their own jurisdiction,'... and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). With

regard to habeas petitions, federal jurisdiction is dependent upon a proper characterization of the petition.

"According to a traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). However, petitions that challenge the manner, location or condition of a sentence's execution may also be brought pursuant to 28 U.S.C. § 2241 in the custodial court. See Hernandez, 204 F.3d at 864.

Here, petitioner is not challenging the legality or duration of his confinement. Nor is he challenging the manner, location or condition of his sentence's execution. This Court therefore lacks habeas jurisdiction under 28 U.S.C. § 2241 to consider the Petition.

Rule 36 provides:

"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

However, this Court lacks jurisdiction to correct what petitioner contends is a clerical error in the underlying record because relief pursuant to Rule 36 is available only in the sentencing court. See, e.g., Accardi v. Blackwell, 412 F.2d 911, 913 (7th Cir. 1969); Bender v. Ziegler, 2010 WL 3835602, at *2 (N.D. W. Va. June 28, 2010) ("Furthermore, even if the petitioner's argument can be viewed as raising true clerical errors under Rule 36, he must seek correction by the sentencing court."), Report and Recommendation Adopted by 2010 WL 3835600 (N.D. W. Va. Sept. 28, 2010); Fermin v. United States, 2008 WL 1930308, at *2 (N.D. Ohio April 29, 2008) ("As this court did not impose Mr. Fermin's sentence it lacks jurisdiction to provide him relief pursuant to Rule 36."); see also United States v. Penson, 526 F.3d 331, 335 (6th

1  Cir. 2008) ("Rule 36 provides that after giving appropriate notice, the sentencing
2  'court may at any time correct a clerical error in a judgment, order, or other part of the
3  record, or correct an error in the record arising from oversight or omission.'").
4      IT THEREFORE IS ORDERED that this action is summarily dismissed for
5  lack of jurisdiction.
6      LET JUDGMENT BE ENTERED ACCORDINGLY.

8  DATED: 2-7-2014

   OTIS D. WRIGHT II
   UNITED STATES DISTRICT JUDGE

12 Presented by:

14 Robert N. Block
   United States Magistrate Judge